170638, Board of Education, Kewanee School District No. 229, Appalachia, by John Wall v. Connie Sue Stetson and Laura Rose, Appellants, by Jacob Frost Mr. Frost Good morning. My name is Jacob Frost, appearing on behalf of Defendants Connie Sue Stetson and Laura Rose. Counsel, your Honor, may it please the Court. We come before the Court today because the trial court found there to be a lack of a record regarding an administrative agency's determination to grant a re-hearing before it, notwithstanding the voluminous and substantive record in the case, and as a result reversed the Regional Court's subsequent and ultimate determination to grant a detachment and annexation petition filed pursuant to the school code. The trial court's finding in this regard stems from a misapplication of the 1952 Illinois Supreme Court case of Stroll v. Macon County Zoning Board of Appeals, as well as its project, to a situation where, as here, the record shows that the Regional Court erred, as a matter of law, in initially denying the petition for detachment and annexation, and further, that the Regional Court was not obliged to have a hearing on the issue of whether to have a re-hearing, especially in an instance where, as here, the Regional Court's initial mistake in denying the petition was a mistake of law that is evident and contained in the record before it. At the initial hearing on the annexation petition held on October 5, 2015, the record shows that the Regional Court denied that petition because it was laboring under a mistake of law, namely, that under the school code provisions that were in effect at the time, prior to the enactment of Public Act 103.74, property owners within the territory sought to be detached and annexed should have been notified of the petition by certifying name. That was a requirement that did not appear in the school code at the time of the hearing or at the time that the petition had been filed. Rather, the school code provided for notice by publication in the newspaper, which was done as a part of the record here before you. However, because of the property owner notice issue, the Board denied the petition following the October 5, 2015 hearing. A transcript was kept of the October 5, 2015 hearing. It was contemporaneous with the transcript, and in our initial brief filed with this Court, we cite chapter and verse of various comments made of the trustees of the Regional Board, which make it clear in our minds that the Regional Board was laboring under a mistake of law as it relates to the notice issue. The Regional Board issued its working order, and a petition for rehearing was then filed, specifically addressing the issue of what degree and what manner of notice is appropriate or required under the school code for landowners. A copy of that petition for rehearing is a part of the record before you. The Regional Board held a meeting on December 9, 2015 at which it granted that petition for rehearing. The decision to simply grant a rehearing was not a final administrative action requiring the sort of record contemplated by school. The rehearing itself was then subsequently scheduled and held on January 25, 2016. At the January 25, 2016 rehearing, after hearing all of the evidence and the arguments of counsel, the Regional Board granted the detachment annexation petition. The Regional Board reversed itself. A transcript, contemporaneously kept record, was made of the January 25, 2016 rehearing and is a part of the record before you. So, this is not a case where no record of proceedings before the Regional Board exists that would allow for a review of the Regional Board's final decision. This is not a circumstance, as was in Sproul, where the administrative agency failed to file a record supporting its final administrative decision and instead attempted to have an evidentiary hearing before the trial court on the issue. That's not what happened here. This is not a circumstance that was present in the 1957 Second District case of Wakanda Township High School District No. 118 in reach of the County Board of School Trustees where no contemporaneously kept record was made supporting the final administrative decision. The decision sought to be reviewed in Wakanda was the Board's determination to detach an annex, not a Board's decision as to whether or not to grant a rehearing. Instead, this is a case that has some similarities to what happened in the Board of Education of Bridge Township in the Brown case, a case notably from this century, in which a hearing was held before the administrative agency. A certified list of registered voters within the entire precinct was submitted to the Board. However, the Board denied the detachment annexation petition because it did not have specifically before it the number of registered voters residing within the exact territory sought to be detached and annexed. The information submitted to the agency included a larger territory than what really was the issue. So the detachment annexation petition was denied by the administrative agency in the Brown case. The petitioners in that case filed a motion for rehearing, pursuant to Section 7-6, Subsection N of the School Code, requesting a re-hearing. The agency in that case granted the motion for rehearing, and in its written order simply requested that the petitioners submit written evidence as to the number of voters, which it then did, all seemingly without having to have a hearing on the issue of whether to grant a rehearing. In sum, the record that does exist here, which we would submit is voluminous and substantive, clearly shows that there was sufficient cause under Section 7-6, Subsection N of the School Code to have granted a re-hearing because we have a situation where the Regional Board reversed itself, and we have a full, contemporaneously kept record of both the initial hearing and the re-hearing. We suggest that the proceedings comply with the Illinois School Code in all respects, and that it comply with due process of law in all respects. Let me ask you, with respect to the petition for re-hearing itself, is there any standard, any cases that talk about the standard for what that's got to show? The only case that I'm aware of, Justice, is the Board of Education of Richey Township v. Brown case. That was the only case that I was able to identify that even touched or concerned that section of the School Code. Do we know whether this was a closed meeting or an open meeting? Well, I understand that it was an open meeting. I also understand that the Regional Board had not released its minutes for that particular meeting until much later in the year because it needed to meet again to approve or make changes to those minutes. The Regional Board does not meet every month. It meets whenever it has to meet, basically. But I do understand that the December 5, 2015 hearing was an open meeting, and that a plaintiff, in this case, had legal counsel present for that meeting. I believe that's a part of the record that you could consider. And did legal counsel also testify? I'm just speaking from, I myself was not present at that meeting. One of my clients had made an audio recording for her own personal use. She had announced that she was going to make that audio recording of that public meeting. I have listened to that audio recording. That audio recording was submitted after the trial court made its judgment in this case. But in our minds, it doesn't so much matter as long as, at the re-hearing, due process of law was provided to all parties. Did I answer your question? I'm sorry, I shouldn't be asking you questions. My question was whether counsel had actually testified at that. I don't believe so. I think there was no testimony. The Regional Board did not allow any party to submit testimony or evidence. There was an opportunity for public comment after the Regional Board made its determination. I understand that both parties participated in the public comment portion. It was a December 9th meeting. Thank you. The reason I'm just wondering about the petition for re-hearing is because it talks a lot about ineffective assistance of counsel at the initial hearing. And we all agree, don't we, that there is no right to counsel at one of these hearings. That's a criminal law concept, not a civil law concept. That's correct, Judge. The petition did touch on that particular issue among the central issue, which was this notice requirement to property owners. That was the central point of the petition for re-hearing. But it did touch upon concerns about the completeness of the record before the Regional Board, due to some perceived shortcomings in the petitioner's counsel. But I say, in a civil context, you dance with the gallon with the brunt of it. In other words, you hire an incompetent lawyer, you live with it, you hire him, too bad for you. We agree, Judge. Yes. Yes, Justice. Thank you. Thank you, Mr. Frost. Mr. Wall? Yes, Your Honor. Good morning, Justices, counsel, and may it please the Court. My name is Alan Wall, and I have the great privilege of representing the affilee, Board of Education, Kewanee School District 229, in these proceedings. Your Honors, on July 19, 2017, the Henry County Circuit Court entered into order reversing the decision of the Regional Board of School Trustees for Bureau, Henry, and Stark Counties, which had granted a petition for disconnection of certain territory from Kewanee School District 229, and the annexation of that territory to the Bureau County School District. The Henry County Circuit Court reversed the Regional Board's decision because the Regional Board failed to keep a record of its December 9, 2015, proceedings when it granted the appellants in this matter a petition for rehearing of their petition for disconnection, which had been heard and denied on October 5, 2015. Please, I'm sorry to interrupt you, but what's the standard of review over the Board's decision to grant or deny a petition for rehearing? Your Honor, I believe that the standard of review is manifest way to the evidence for clear error. Well, and what I'm wondering is, in looking at the statute, talking about rehearing, you know... Oh, I'm sorry, Your Honor. Did you mean, what's the standard on hearing a petition for rehearing? Yes. Yes, I believe that the statute itself indicates that the first step is a determination by the Board of whether there is a need for rehearing. I believe, Your Honor, specifically, is there sufficient cause for rehearing. And it says, to quote from the statute, it says, upon sufficient cause being shown, a rehearing may be granted. Indeed. Which it sounds like it's just a discretionary call with the Board. In other words, it doesn't say upon sufficient cause being shown, a rehearing shall be granted. So even if somebody says, yeah, that's sufficient cause, but I don't want to hear this again. I understand your point there, Your Honor, and what I would say is that while the statute does have the discretionary language in it, if you do not have sufficient cause shown for rehearing, then I think that a decision lacking that would clearly be subject to a tactic of being arbitrary and capricious. Manifest. What is the evidence? Some of it is some standard like that. Yes, Your Honor. Okay. Thank you. So this case, Your Honors, I submit properly centers on the Illinois Supreme Court's Stroll v. Macon County Zoning Court of Appeals decision. And the Supreme Court in Stroll made two rulings that are important to this appeal. First, the Supreme Court held that the failure of an administrative agency to keep a record of its proceedings is not a mere technical mistake. It's a fatal error which requires reversal of the agency's decision. And second, the Supreme Court emphasizes that an administrative review proceeding, incident proceeding, the entire record of proceedings alone, and no additional evidence in support of or in opposition to any finding, order, or determination may be considered by the court sitting in administrative review. Now, the second point in the Stroll decision is reflected in Section 110 of the Administrative Review Law, which prohibits the court sitting in administrative review from hearing any new or additional evidence outside the record of review. The Supreme Court's Stroll decision applies squarely here. The Regional Board failed to keep any record of the proceedings that led to the granting of the rehearing petition. There's no transcript, no meeting notes, no written record of the meeting at all except for an agenda dated December 9, 2015, which reflects that there's an action item related to a request for a rehearing on an unidentified topic. The Regional Board failed to produce a record of the December 9, 2015 meeting in its answer to the Kewanee School District's complaint for administrative review as required by Section 3-108 of the Administrative Review Law. Further on this point, the record of proceedings for this court was supplemented three times, and on none of those occasions did the Regional Board produce a record of its December 9, 2015 meeting. Additionally, the Kewanee School District 229 requested any record that existed for the December 9, 2015 meeting. None was ever produced. Now, why does the absence of any record of the December 9, 2015 meeting matter? It's back to Justice Schmitt, it's back to your question of a couple of moments ago. The Illinois School Code at Section 7-6N, the section that controls rehearing, directs the Regional Board, when considering a petition for rehearing, to first determine whether there is sufficient cause for a rehearing of a petition for disconnection. Kewanee School District 229 filed a complaint for administrative review of the Regional Board's decision to grant a rehearing because the Regional Board lacked evidence that it had jurisdiction to do so, and it did not set forth the basis for granting the rehearing request. This means the Regional Board's failure to keep record of its December 9, 2015 meeting results that it is impossible for a court conducting an administrative review to determine from the record if sufficient cause was shown to justify granting the rehearing petition. For this reason, the Circuit Court's reversal of the Regional Board's decision granting the detachment petition was required as a matter of law. How is that a final decision? Your Honor, it is not a final decision insofar as it would then be directly appealed on administrative review. However, as a result of the granting of the petition for rehearing, for reasons that are not in the record, the matter then went to the Regional Board for a second hearing of the original petition for disconnection. For which there is a full record. And there is a full record. There is no doubt there is a full record, Your Honor. But the thing about that, that record, if considered by a reviewing court, certainly provides evidence related to the January 25, 2016 hearing on the petition for disconnection. However, there is nothing in those hundreds of pages that gives any insight as to why on December 9, 2015, the Regional Board granted the petition for rehearing. So what? Well, what matters here is we don't know, and I would submit that a court sitting in administrative review can't know whether there in fact was sufficient cause to grant the petition for rehearing. I would just say in this regard, this case is different from the Brown case. In the Brown case, there were several questions before the court appeals. But in the Brown case, the question was, was the granting of the petition for rehearing proper? Was sufficient cause shown? But they had a record. Here, there's a more fundamental issue, which is there's no record, as there was in Brown, that would allow a reviewing court to say, okay, this is what happened, and we can determine whether there was sufficient cause to grant the rehearing, or was this really an arbitrary and capricious decision? So that's what I think matters. The statute allows it to be arbitrary and capricious. Well, the statute says may grant the rehearing upon sufficient cause shown, but if the decision is based on a mere whim or arbitrary and capricious basis, then I think from the perspective of School District 229, an arbitrary and capricious decision I think is, at least arguably, brings up questions of process. So I don't know the process that you were due in the hearings that actually dealt with the substance of the request. Yes, and that gets back to the conversation you had previously. Your Honor, in this instance, the school district found out about the petition for rehearing because a citizen community happened to see a publication notice that indicated that there was a meeting on December 9, 2015, to take up a matter of rehearing, but the topic was never identified. There was no service of the petition for rehearing to the school district. There was no service to School District 229's legal counsel at the time. So what happened, the school district learned about the hearing. They actually contacted the regional board a day or two in advance, found out what the rehearing matter was, and at that point, an attorney for the school district appeared, I believe the superintendent appeared, but there was no notice that went to counsel that would, for instance, that would have allowed counsel to appear prepared to address the specifics of the petition for rehearing. There was no evidence taken. There was no hearing. There were minimal public comments. And that's it. Okay. So do you... Go ahead. I'm sorry. Do you... What is your thinking on whether this meeting... Excuse me, Your Honor? What is your thinking about whether this meeting was closed or open? I beg your pardon. I don't hear hearings. My father... My first... Do you mind if I bring it over? No, no. Just don't fall. Yeah, it's fine. What is your thinking about whether this was an open or closed meeting? Whether it was... December. You mean December 15th? Yes. It was an open meeting, Your Honor. It was. It was subject to, you know, certainly the full notice requirements of the Open Meetings Act. I think that given that there was action taken, and that action taken had an effect on the interest of School District 229, it was clearly an open meeting. And as a result, I would submit that certainly more notice than School District 229 happening to find out about what the nature of the meeting was, almost serendipitously, that's inaccurate. Counsel has two minutes. So just... Sure. When the Board made its decision on the petition for re-hearing... Yes. ...did it have anything in front of it other than the petition itself? There is absolutely nothing in the record within the case that it does, and I would note, Your Honor, with regard to that petition for re-hearing, two points. First, it's not verified, so what you've got in the petition is simply allegations that are put forth by the appellants. That's not evidence. Secondly, as Your Honor, Justice Schmitt noted earlier, in fact, much of that petition for re-hearing focused on the issue of insufficient counsel representing the appellants at the time of the first hearing. That's not, as Justice pointed out, this is a civil matter, not a criminal matter. And I'd also note, with regard to this issue of Board members apparently voting to deny the petition because of a lack of understanding of the law, I would submit to you, Your Honors, that's simply another variant on ineffective assistance of counsel. It was the obligation of the petitioners at the original hearing, since they carried the burden of persuasion and proof that their petition should be granted, it's on them to make sure that the regional Board members don't get the ball wrong. So what we have here, then, is a petition for re-hearing that focused on ineffective assistance of counsel directly and then spent the balance of the allegations focusing on how the Board had acted from the perspective of perhaps a misunderstanding of the law. To me, that, again, is in fact simply a variant on ineffective assistance of counsel. So if that's your petition for re-hearing, and we don't know whether that was the basis for the Board's decision or not, because there's no record, then the Circuit Court of Henry County's conclusion to reverse the Regional Board of Trustees' order granting the petition for re-hearing is absolutely justified. It should be affirmed by this Court as a matter of law. Thank you. Thank you, Counsel. Thank you, Your Honors. Have a good day. Your prize. Thank you. Justice Schmidt, you had a question about whether there is any case that provides for what the standard of review would be for a request for a re-hearing. And we're in luck, because the Board of Education Bridge Township case, the Brown case that I mentioned previously, expressly states that it is a discretionary decision for the agency to decide to grant a re-hearing or not. So we have not only what the statute says, but also we have a case that talks about it being a discretionary decision.  That's right, Your Honor. Justice Schmidt, you had a question about whether or not, I think the substance of it was whether or not an administrative review will get final decisions of the administrative agency. And I believe that Your Honor hit the nail on the head here. One of the questions that came up is what type of evidence, what type of testimony would the Regional Board want to consider or would it hear on a hearing for a re-hearing? What type of evidence would it hear? Well, I think it would probably hear exactly the same kind of evidence that it would hear at the re-hearing. There would be nothing new, nothing different. It would result in a circumstance where you'd end up having two hearings that are almost exactly the same. And that just, in my mind... What mistakes of law did the Board make in its previous decision with which you disagreed? Okay. But what was clear in the transcript right before, at the October 5th, 2015 hearing, it was almost like a roundtable where each trustee got to say whatever they wanted to say before they made a vote. And the specific quotations are contained in our brief. I have them right here, but they're in the Statement of Facts, where at least three, if not four, trustees indicated that they were going to vote the way that they're going to vote because of the property owner issue, which was this notice issue that one of the trustees thought that since in zoning, in the context of zoning hearings, in those hearings, you have to give notice by certified mail to all the affected landowners. That trustee thought that because that was what the law was in zoning cases, then that's what the law should be under the school code. Now, what makes this case interesting is that after all these hearings took place, the General Assembly changed what the law was. And now if you were to read the same school code statute, you'd see there's now a requirement, as of August of 2017, there's now a requirement that all the landowners get notice by certified mail. It's in there. It wasn't in there before. So because that mistake was palpable, that mistake was pointed out, not only in the petition for rehearing, and that brings me to my next point, is counsel had been asked, what did the Regional Board have before it to consider in deciding whether or not to grant the petition for rehearing? And my response is, it was more than just the petition for rehearing. The Regional Board already received all evidence, all testimony at the October 5th, at the initial hearing. It was there. It heard everything. Yes, it voted to deny the petition following that initial hearing, but all of that evidence and testimony was obviously considered. There's no way around it in the Regional Board making its decision to grant a rehearing. Counsel has one minute. Justice McDade, I think you got it right. So what? Thank you. Thank you, counsel. Thank you both for your arguments here this morning. This matter will be taken under advisement. Resolutions will be issued.